USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEBUSSY LLC, on behalf of itself and all others similarly situated
                  Plaintiff,

    -against-

DEUTSCHE BANK AG and DEUTSCHE ASSET MANAGEMENT,

                  Defendants.
------------------------------------------------------------x

05 Civ. 5550 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

    Debussy LLC brings this action on behalf of itself and all investors in the Riverside Loan Trust II (the "Trust"), a business trust established under the laws of Delaware for the purpose of investing in senior secured bank loans. Debussy is suing Deutsche Asset Management—the portfolio manager of the Trust—and Deutsche Bank AG—the parent company of the portfolio manager (collectively, "Deutsche Bank"). Debussy seeks damages stemming from Deutsche Bank's alleged breach of fiduciary duty and breach of contract when it dismantled the Trust, allegedly prematurely. Defendants have moved to dismiss the Complaint, asserting that Debussy does not have standing to bring this suit and has failed to state a claim for breach of contract or fiduciary duty. Because plaintiff cannot assert the claims in this action as direct claims on behalf of the Trust's investors and can only assert them as derivative claims brought on behalf of the Trust, Debussy lacks standing to sue and the Complaint is dismissed.

I. BACKGROUND

    Because this is a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts the allegations in the Complaint as true. Those allegations are as follows:

1

The Trust was established as a business trust in 1998 under the laws of the state of Delaware to issue securities and to invest the proceeds of the sale of those securities in certain investments. (Compl. ¶ 13.) The Trust was governed by a Trust Agreement and Indenture and issued securities pursuant to those documents, initially selling all of its securities to Debussy and two mutual funds that were part of the Scudder Kemper Investments, Inc. ("Scudder") family of mutual funds. (Compl. ¶¶ 1, 15.) At the time of sale, Scudder also became the portfolio manager of the Trust. (Compl. ¶ 18.) The Trust documents provided for a 10-year term expiring on July 16, 2008. (Compl. ¶ 14.)

Four years into that term, Deutsche Bank AG acquired Scudder and assumed both those Trust securities that Scudder held in its mutual funds and Scudder's responsibility as portfolio manager of the Trust. (Compl. ¶¶ 19, 22.) Just months after acquiring Scudder, Deutsche Bank caused the two Scudder mutual funds that held the securities to execute notices of redemption for the full amount of the notes they held, which in turn forced a dissolution of the Trust, which Debussy claims it "was powerless to stop." (Compl. ¶ 23.) Debussy received nothing upon the Trust's dissolution. (Compl. ¶ 26.)

After realizing that it would receive nothing from the dissolution of the Trust, Debussy sent Chase Manhattan Bank Delaware ("Chase Delaware"), which was the Trustee of the Trust, a letter demanding that it immediately commence an action on behalf of the Trust to recover the damages resulting from Deutsche Bank's alleged mismanagement. (Compl. ¶ 27.) Chase Delaware in turn solicited a response from Deutsche Bank, the portfolio manager, and was allegedly told that Deutsche Bank had dissolved the Trust because "this was an investment strategy that it no longer wished to pursue." (Compl. ¶¶ 28, 29.) Chase Delaware declined to take further action unless the holders of the Trust securities furnished directions and satisfactory security or indemnity. (Id.) Chase Delaware also referred Debussy to Section 7.16 of the Trust Agreement, which provides that the Trustee

2

shall not take any action at the direction of the certificate-holders—at the time of dissolution, Debussy—if such action would have an adverse effect upon the interests of the portfolio manager, unless the portfolio manager consented to the action. (Id.) In other words, according to the Complaint, Chase Delaware would not initiate a litigation at the request of Debussy unless Deutsche Bank, as portfolio manager, agreed to permit a suit against itself. (Id.)

In April of 2005—five months after receiving that letter—Debussy filed this action, styling the claim as a class action on behalf of "all direct and indirect investors in the Trust" and seeking damages for claims arising from Deutsche Bank's alleged breaches of fiduciary duty and contract. (Compl. ¶ 1.) The Complaint specifically acknowledges that Deutsche Bank's redemption of the securities and liquidation of the Trust was carried out pursuant to the terms of the Trust's governing documents. (Compl. ¶ 23.) Moreover, the Complaint frankly reports that Debussy "consent[ed] to various amendments to the Trust documents in order to effectuate the liquidation." (Compl. ¶ 24.) Nevertheless, Debussy claims that Deutsche Bank breached its fiduciary duty to the Trust by carrying out that liquidation, which it characterizes as "premature." (Compl. ¶ 33.) Deutsche Bank's alleged mismanagement included firing experienced Scudder employees, "abandoning the Trust" six years prior to the expiration of its term "despite the impact on investors" and liquidating the Trust "for no legitimate reason in a very weak market." (Id.) Moreover, and for those same reasons, the Complaint alleges that Deutsche Bank breached its contractual obligation to "use such care and skill as a prudent man would exercise or use under the circumstances." (Compl. ¶¶ 42, 45.)

Deutsche Bank has now moved to dismiss the Complaint on the grounds that Debussy does not have standing to bring these claims, that Debussy fails to allege the breach of any specific provision of the Trust's governing documents, that Deutsche Bank owed any

3

fiduciary duty to the Trust and not to individual investors, and that the fiduciary duty claim is entirely duplicative of the breach of contract claim.[1]

## II. DISCUSSION

### A. Legal standard

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the non-moving party. See Ganino v. Citizens Utils. Co., 228 F.3d 154, 161 (2d Cir. 2000); Lee v. Bankers Trust Co., 166 F.3d 540 (2d Cir. 1999). However, while "the well-pleaded material allegations of the complaint are taken as admitted[,] . . . conclusions of law or unwarranted deductions of fact are not." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (quoting 2A James Wm. Moore et al., Moore's Federal Practice ¶ 12.08 (2d ed. 1984)).

A district court will dismiss plaintiff's claims if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Drake v. Delta Air Lines, Inc., 147 f.3d 169, 171 (2d Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (internal quotations omitted).

### B. Delaware law applies

As a preliminary matter, the Court applies Delaware law to determine whether the suit may be brought directly on behalf of the shareholders, or whether it must be brought derivatively on behalf of the Trust. See In re AllianceBernstein Mut. Fund Excessive Fee Litigation, 04 Civ. 4885, 2005 WL 2677753 (S.D.N.Y. Oct. 19, 2005) ("When deciding issues of 'shareholder standing,' that is, whether claims should be brought directly or

---

[1] Defendants also contend that all claims against Deutsche Bank AG should be dismissed because plaintiff failed to allege any wrongdoing by Deutsche Bank AG directly, as opposed to Deutsche Asset Management, and has not provided any basis for piercing the corporate veil. Because the Complaint is dismissed against both parties on other grounds, the Court does not address this defense.

4

derivatively, courts must look to the law of the fund's state of incorporation.") (vacated on other grounds by 2006 U.S. Dist. LEXIS 939 (S.D.N.Y. Jan. 11, 2006)) (citing Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 108-09 (1991)). Not only was the Trust established under Delaware law, see Compl. ¶ 1, but also the Trust Agreement explicitly sets forth that the Agreement "shall in all respects be governed by, and construed in accordance with, the laws of the state of Delaware, including all matters of construction, validity and performance." (Trust Agreement, Art. XII, ¶ 12.12, appended as Ex. E to Affidavit of Andrew W. Stern, dated Aug. 23, 2005.)

## C. Derivative claims

The Delaware Supreme Court recently clarified the test governing whether a suit is to be brought directly or derivatively in Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031, 1035 (Del. 2004). The analysis, Tooley held, "must be based solely on the following questions: Who suffered the alleged harm—the corporation or the suing stockholder individually—and who would receive the benefit of the recovery or other remedy?" Id. at 1035. To make a determination as to the first prong, Tooley explained, a court "should look to the nature of the wrong." Id. at 1039. For a direct suit, a stockholder's injury "must be independent of any alleged injury to the corporation." Id. If stockholder must show injury to the corporation to prevail, then the suit may not be brought directly. See id. Further, the suit may be direct only when the stockholder can demonstrate "that the duty breached was owed to the stockholder." Id. Finally, as to the second prong, the Court must determine "to whom the relief should go"; recovery to the stockholder entails a direct suit, recovery to the corporation, a derivative action. Id.

Debussy claims that Deutsche Bank breached its fiduciary duty to the Trust in mismanaging the Trust's affairs. The Complaint charges the portfolio manager with not using the "care and skill [of] a prudent man" in managing the affairs of the Trust, and

5

specifically by "abandoning the Trust despite the impact on investors and liquidating the [Trust] in a manner that failed to maximize value for the Trust," Compl. ¶ 145, which is a classic claim of mismanagement. Analyzed according to the Tooley test, this claim is a derivative one. Debussy asserts that Deutsche Bank's acts of mismanagement included firing experienced Scudder employees, abandoning the Trust prior to the expiration of its term and liquidating the Trust in a weak market. When the duty implicated in a breach of duty claim is the "normal duty to manage the affairs of the corporation . . . [t]hat duty is owed to the corporation and not separately or independently to the stockholders." Dieterich v. Harrer, 857 A.2d 1017, 1027 (Del. Ch. 2004) (applying Tooley, 845 A.2d at 1035). Therefore, the injury flowing from a claim of mismanagement—although admittedly here not by a corporate board of directors but rather by the portfolio manager of the Trust's assets—is a "wrong to the corporation." Id. (quoting Agostino v. Hicks, 845 A.2d 1110, 1123 (Del. Ch. 2004)).

The claim here is that Deutsche Bank's poor management of the Trust's assets injured the shareholders by obliterating the value of their investment in the Trust. This injury flows to the shareholders only indirectly, because the harm to shareholders, if any, is by means of diminution of the value of the securities they hold. A claim for diminution of the value of shares is an indirect harm. See Agostino, 845 A.2d at 1123 (where actions "harmed the Company because the Company [was] precluded from entering into a transaction that would have maximized the return on its assets," and where this failure to maximize assets caused the shareholders to receive much less of a return on their investment than may have otherwise, the claim was "nothing more than a claim of mismanagement that, if proven, represents a direct wrong to the corporation that is indirectly experienced by all shareholders" and "is entirely derivative in nature") (citing Kramer v. Western Pac. Indus. Inc., 546 A.2d 348, 353 (Del. 1988)); see also Thorpe v. CERBCO, Inc., 611 A.2d 5, 9 (Del. 1991) ("[T]he diversion of the opportunity to sell . . . on advantageous terms—is a corporate, not a

6

shareholder claim."). Because injury alleged by a diminution of investment value is indirect and contingent upon injury to the corporation, the claim is derivative. See Kramer, 546 A.2d at 353 ("where a plaintiff shareholder claims that the value of his stock will deteriorate and that the value of his proportionate share of the stock will be decreased as a result of alleged director mismanagement," an action is derivative in nature).

The second prong of the Tooley test also suggests that plaintiff's claim is derivative. Monetary recovery for a breach of duty to the corporation "properly belong[s] to the corporation, rather than to the stockholders personally." Dieterich, 857 A.2d at 1028 (applying Tooley, 845 A.2d at 1035). When alleged misconduct does not result in "an event or transaction that could have injured the stockholders directly, rather than indirectly as a result of their ownership of . . . shares," the recovery belongs to the corporation. Id. The alleged harm here is that Deutsche Bank's liquidation of the Trust caused the Trust to lose value; the shareholders thus lost the value of their investment through loss of value of their shares.

Debussy claims that because the Trust Agreement prevents the Trustee from bringing any action that would be adverse to the interests of the portfolio manager, and this action is adverse to the interests of the portfolio manager—who is also a defendant in this case—plaintiff's demand that the Trustee pursue this action was futile and therefore Debussy can bring this claim itself as a direct claim. Plaintiff, however, cites no law to establish this right. The fact remains that plaintiff's claim is that defendants have mismanaged the Trust; that claim is a derivative one and may be brought, if at all, only derivatively pursuant to the requirements set forth in Fed. R. Civ. P. 23.1 and not, as here, by means of a direct action by a holder of Trust securities.

## III. CONCLUSION

Because the claims in this action are derivative and belong to the Trust rather than to the Trust's investors, Debussy lacks standing to bring this suit directly. The Complaint is therefore dismissed.

Dated: New York, New York
       March 29, 2006

SO ORDERED:

*Sidney H. Stein* (signature)

Sidney H. Stein, U.S.D.J.