# MANDATE

SDNY/New York City
05-w-5550
Stein

06-3305-cv
*Debussy LLC v. Deutsche Bank AG*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of June, two thousand and seven.

PRESENT:

    HON. CHESTER J. STRAUB,
    HON. ROSEMARY S. POOLER,
    HON. BARRINGTON D. PARKER,
        *Circuit Judges.*

UNITED STATES COURT OF APPEALS
FILED
JUN 1 9 2007
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

---

Debussy LLC, on behalf of itself and all others
similarly situated,
        *Plaintiff-Appellant,*

    v.                                          No. 06-3305-cv

Deutsche Bank AG and Deutsche Asset
Management,
        *Defendants-Appellees.*

---

Issued as Mandate:
JUL 17 2007

ARTHUR N. ABBEY (KARIN E. FISCH, on the brief), Abbey Spanier Rodd Abrams & Paradis, LLP, New York, NY, *for Plaintiff-Appellant*.

ANDREW W. STERN, Sidley Austin LLP, New York, NY, *for Defendant-Appellees*.

---

AFTER ARGUMENT AND UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

---

Plaintiff-appellant Debussy LLC ("Debussy") appeals from the order of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*), entered on March 29, 2006, granting defendants' motion to dismiss plaintiff's claims for breach of contract and breach of fiduciary duty. We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

We review a district court's decision on a motion to dismiss de novo. *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 200 (2d Cir. 2006). We accept as true the facts alleged in the complaint and draw inferences from the complaint in the light most favorable to the plaintiff. *Paycom Billing Servs., Inc. v. Mastercard Int'l, Inc.*, 467 F.3d 283, 289 (2d Cir. 2006).

The District Court dismissed the action pursuant to Fed. R. Civ. P. 12(b)(6) because it found that Debussy lacked standing to bring the suit directly. Instead, the court reasoned, the suit should have been brought derivatively pursuant to the requirements set forth in Fed. R. Civ. P. 23.1. Relying on the Delaware Supreme Court's decision in *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031 (Del. 2004), the District Court reasoned that the action was derivative in nature because (1) the injury was to the trust, rather than to the investors individually; and (2) any recovery belongs to the trust.

As an initial matter, the District Court was correct in applying Delaware law. The trust was established under Delaware law, and the Trust Agreement explicitly sets forth that the Agreement "shall in all respects be governed by, and construed in accordance with, the laws of the state of Delaware, including all matters of construction, validity and performance." Under Delaware state law, "[a] beneficial owner may bring [a derivative] action in the Court of Chancery in the right of a statutory trust to recover a judgment in its favor if trustees with authority to do so have refused to bring the action or if an effort to cause those trustees to bring the action is not likely to succeed." Del. Code Ann. tit. 12, § 3816(a).[1]

In the corporations context, the Delaware Supreme Court has set forth "the law to be applied henceforth in determining whether a stockholder's claim is derivative or direct." *Tooley*, 845 A.2d at 1033. "That issue must turn *solely* on the following questions: (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?" *Id.* (emphasis in original). Under the reasoning of *Tooley*, plaintiff's suit clearly constitutes a derivative action. As the District Court correctly determined, the harm alleged by plaintiff was a harm to the trust itself, as opposed to the investors individually, and any recovery would go to the

---

[1] A "statutory trust" is defined as "an unincorporated association which . . . [i]s created by a governing instrument under which property is or will be held, managed, administered, controlled, invested, reinvested and/or operated, or business or professional activities for profit are carried on or will be carried on, by a trustee or trustees or as otherwise provided in the governing instrument for the benefit of such person or persons as are or may become beneficial owners or as otherwise provided in the governing instrument, including but not limited to a trust of the type known at common law as a 'business trust.'" Del. Code Ann. tit. 12, § 3801(a)(1).

trust.[2] Moreover, "[a]n individual or class suit may only be maintained when the shareholder plaintiffs have been injured directly, rather than indirectly through the harm to the corporation itself." *Brug v. Enstar Group, Inc.*, 755 F. Supp. 1247, 1257 (D. Del. 1991); *see also Kramer v. Western Pacific Indus., Inc.*, 546 A.2d 348, 351 (Del. 1988) ("For a plaintiff to have standing to bring an individual action, he must be injured *directly* or *independently* of the corporation.") (emphasis in original). Accordingly, the District Court did not err in holding that the claim "may be brought, if at all, only derivatively pursuant to the requirements set forth in Fed. R. Civ. P. 23.1 and not, as here, by means of a direct action by a holder of Trust securities."

For the reasons set forth above, we AFFIRM the judgment of the District Court.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By: *Lucille Carr*


A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by *Angela Martin*

---

[2] Plaintiff's argument that a derivative suit on behalf of a dissolved trust would be futile is unavailing, given that Delaware state law provides that suits may be brought on behalf of a trust even after dissolution. *See* Del. Code Ann. tit. 12, § 3808(d).

4